UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELVIN RICHARD, SR.,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-995

Barrett, J.
Wehrman, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 5, 11, 12).

For the reasons stated below, the petition should be denied.

**I.    PROCEDURAL HISTORY**

### State Trial Proceedings

On September 26, 2014, the Hamilton County, Ohio grand jury returned a two-count indictment charging petitioner with one count of felonious assault and one count of assault. (Doc. 10, Ex. 1). Petitioner, through counsel, entered a plea of not guilty to the charges in the indictment. (Doc. 10, Ex. 3).

Following a jury trial, petitioner was found guilty as charged in the indictment. (Doc. 10, Ex. 4). Petitioner, through counsel, filed a motion for a new trial on the ground that the evidence was insufficient to prove serious physical harm for the offense of felonious assault or physical harm for assault. (Doc. 10, Ex. 5). The trial court denied petitioner's motion. (Doc. 10, Ex. 6).

On April 28, 2015, petitioner received a total aggregate prison sentence of six years in the Ohio Department of Corrections. (Doc. 10, Ex. 7).

### Direct Appeal

Petitioner, through new counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 10, Ex. 8). Petitioner raised the following four assignments of error in his appellate brief:

1. The trial court erred to the prejudice of the defendant-appellant as there was insufficient evidence to convict.

2. The trial court erred to the prejudice of the defendant-appellant because the verdict was against the manifest weight of the evidence.

3. The trial court erred to the prejudice of the defendant-appellant because it denied the motion for new trial even after saying the incident was not intentional.

4. The record does not support the sentence imposed by the court.

(Doc. 10, Ex. 9). On January 22, 2016, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 10, Ex. 11).

### Ohio Supreme Court

Petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court on April 20, 2016. (Doc. 10, Ex. 12, 13). The Ohio Supreme Court granted the delayed appeal motion (Doc. 10, Ex. 14), and petitioner raised the same four assignments of error as he did in the Ohio Court of Appeals in his memorandum in support of jurisdiction. (*See* Doc. 10, Ex. 15).

On September 14, 2016, the Ohio Supreme Court declined to accept jurisdiction over petitioner's appeal. (Doc. 10, Ex. 17).

### Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action on October 11, 2016. (Doc. 1). Petitioner raises the following four grounds for relief in the petition:

**GROUND ONE**: Petitioner's convictions on both Count One and Two should be

2

overturned based upon insufficient evidence.

**Supporting Facts**: The State failed to prove beyond a reasonable doubt that petitioner knowingly caused serious physical harm in count one. In count two, the element was "physical harm" instead of "serious physical harm". (T.P. 797-800). In violation of petitioner's due process and equal protection rights under the Ohio and United States Constitution.

**GROUND TWO**: Trial court erred to the prejudice of petitioner because the verdict was against the manifest weight of evidence.

**Supporting Facts**: Weight of the evidence requires an appellate court to sit as the thirteenth juror and to reweigh the evidence to determine if the jury clearly lost its way. No felonious assault shown by the evidence. In violation of petitioner's due process and equal protection rights under the Ohio and United States Constitution.

**GROUND THREE**: Trial court erred when it denied a new trial even after saying the incident was not intentional.

**Supporting Facts**: At sentencing, the court noted that this wasn't a case where petitioner was intentionally punching or kicking the officer so it would not give him the maximum sentence. (T.P. 862-865). Witness testimony verifies this fact. In violation of petitioner's due process and equal protection rights under the Ohio and United States Constitution.

**GROUND FOUR**: The record does not support the sentence imposed by the court.

**Supporting Facts**: The record shows that a minimum prison term of three years instead of six would have properly served the principles and purposes of sentencing. Record does not support that the sentencing court's finding that the 6 year prison sentence was proper/no review and balance of the aggravating circumstances against the mitigating factors for minimum sentence. Violating petitioner's due process and equal protection rights under Ohio and United States Constitution.

(Doc. 1).

Respondent has filed a return of writ in opposition to the petition, to which petitioner has replied. (Doc. 11, 12). According to respondent, petitioner's grounds for relief are without merit or not cognizable.

3

## II. THE PETITION SHOULD BE DENIED

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)), *cert. denied*, 132 S.Ct. 1743 (2012). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the

4

> record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court recently extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1091 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S.Ct. at 786. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, __ U.S. __, 132 S.Ct. 38, 44–45 (2011); *cf. Otte*,

5

654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 132 U.S. at 44, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'" Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010), *cert. denied,* 132 S.Ct. 127 (2011)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

### A. Grounds One through Three

In Grounds One and Two petitioner contends that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. In Ground Three petitioner contends that the trial court's erred in denying his motion for a new trial on the basis that insufficient evidence was presented at trial to support his convictions.

6

As an initial matter, petitioner is not entitled to habeas relief on the basis of his manifest weight of the evidence claim in Ground Two of the petition.  A "manifest weight of evidence" claim, which is based on a state law concept that is "both quantitatively and qualitatively different" from a constitutional due process sufficiency of evidence standard, *see Tibbs v. Florida,* 457 U.S. 31, 41–47 (1982), and *State v. Thompkins*, 678 N.E.2d 541, 546 (1997), *superseded by state constitutional amendment on other grounds in State v. Smith*, 684 N.E.2d 668 (1997), raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding such as this.  *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt.  *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983).  In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence—as opposed to one based upon insufficient evidence—requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 485 N.E.2d 717, 720 (1st Dist. Ohio 1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982).  "Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, petitioner's claim that his

7

convictions were against the manifest weight of the evidence cannot be considered by this Court." *Mason v. Brunsman*, No. 1:07-cv-1020, 2009 WL 2169035, at *29 (July 16, 2009 S.D. Ohio) (Spiegel, J.; Black, M.J.). Accordingly, petitioner is not entitled to habeas relief based on his manifest weight of the evidence claim raised in Ground Two.

As noted above, petitioner does contend that his conviction was not supported by sufficient evidence in Ground One of the petition. Similarly, he argues that the trial court erred by failing to grant his motion for a new trial in Ground Three on the basis that insufficient evidence was presented to sustain his convictions. (*See* Doc. 12 at PageID 1021). Petitioner raised his sufficiency of evidence claims on direct appeal. The Court rejected his claims, reasoning in pertinent part as follows:

> In his first assignment of error, Richard argues that his felonious-assault conviction is not supported by sufficient evidence. In his third assignment of error, he challenges the trial court's denial of his motion for a new trial. In his motion, Richard claimed that the state had failed to prove that officer Layton had suffered serious physical harm. Because these assignments of error are interrelated, we address them together.
>
> R.C. 2903.11(A)(1) provides that "No person shall knowingly * * * cause serious physical harm to another * * *." R.C. 2903.11(D)(1)(a) provides that "If the victim of a violation of division (A) of this section is a peace officer * * * felonious assault is a felony of the first degree." R.C. 2901.01(A)(5) defines serious physical harm, in pertinent part as: "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary substantial incapacity;" or "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
>
> Here, testimony from the state's witnesses was sufficient to support Richard's conviction for felonious assault. At trial, the state's witnesses testified that a double shooting had occurred and the victims had been transported to University Hospital for treatment. A large group had gathered at the hospital emergency room. They became disruptive, prompting University Hospital safety officers to contact the Cincinnati police department for assistance.
>
> When Cincinnati police officers Layton and Ken Kober arrived in uniform and marked police cruisers, they saw a large crowd in the street outside the hospital.

Richard, who smelled of an alcoholic beverage, was standing in the middle of the street and screaming in an effort to "rile up" the crowed by referring to the Ferguson incident and repeatedly saying, "They are going to kill me." After several unsuccessful attempts to persuade Richard to leave, Officer Layton told Richard he was placing him under arrest for disorderly conduct while intoxicated. He handcuffed Richard and walked him to his police cruiser where he began to search him. Because Richard was struggling against him, Officer Layton placed his left hand on the link to the handcuffs as he searched Richard. Officer Layton removed some paperwork and two alcoholic beverages from Richard's pockets. Richard then grabbed Officer Layton's left thumb and began twisting his body, which caused Officer Layton's left thumb to bend backward. Officer Layton testified that he had to take Richard to the ground to free his thumb from Richard's grip. Only after Officer Kober threatened to tase Richard, did Richard stop struggling with Officer Layton. Officer Layton then placed Ricard in the back of a police cruiser. As Officer Layton started filling out Richard's arrest paperwork, his left hand began hurting. It was red and swollen and he had difficulty moving it. Officer Layton thought his thumb had been broken, so he informed his supervisor, who then escorted him to the emergency room at University Hospital.

According to the emergency room records, which were admitted at trial, Officer Layton suffered a sprain to his thumb. His hand was placed in a soft cast and he was advised to follow up with a hand specialist. After following up with the hand specialist, Officer Layton learned that a nerve in his hand had been compressed, which was causing him to experience continuous pain in his arm. He had surgery a month later to address the problem. He was off work for two weeks. He went back to work for three to four weeks, but when he continued to experience weakness and constant shooting pain in his left arm and hand, he stopped working. He could no longer drive because of his prescribed pain medication and he could no longer safely transition a gun to his left hand.

Officer Layton testified that five months after his first surgery, he had a second surgery, where a catheter was inserted in his shoulder and a tube run down his arm to directly inject the nerve with medication in an effort to get his nerve to "switch off." That procedure, however was unsuccessful, so at the time of trial he was awaiting approval for a third surgery where doctors would introduce leads going up his spine from a neurostimulator to try to get the nerve to "turn off" and to relieve his pain. He testified that the medications he is currently taking for his injury prevent him from operating a vehicle and that he continues to lack long-term strength in his left hand. He can only carry things in his hand for one or two minutes, so he cannot qualify to hold a weapon, which is a part of his duties as a patrol officer. Officer Layton further testified that he cannot sustain another trauma to his arm or he will suffer permanent damage beyond what he has already suffered. He further testified that "from right now, all indications * * * are that I will not be able to be a patrol officer again."

9

> Contrary to Richard's assertions, Officer Layton's testimony was sufficient to show that Richard had knowingly caused serious physical harm to Officer Layton as set forth in R.C. 2901.01(A)(5)(c) and (e). *See State v. Cal*, 6th Dist. Ottawa No. OT-05-005, 2006-Ohio-120, ¶ 22–30; *State v. King*, 2d Dist. Champaign No. 90-CA-17, 1991 Ohio App. LEXIS 1013, *6-7 (Mar. 14, 1991). Thus, the trial court did not err in denying his motion for a new trial. We, therefore, overrule his first and third assignments of error.

(Doc. 10, Ex. 11).

After review of the record in this case, the undersigned finds that petitioner is not entitled to habeas relief based upon the sufficiency of evidence claims raised in Grounds One and Three of the petition. The clearly-established standard of review for evaluating the merits of constitutional claims challenging the sufficiency of the evidence was established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). As the Supreme Court held in *Jackson*, because the Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense, *In Re Winship,* 397 U.S. 358, 363–64 (1970), "the relevant question" in assessing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis in original).

Under the *Jackson* standard, the State is not required to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969–70 (6th Cir. 1983). It is the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,*

10

443 U.S. at 319. Consequently, the reviewing court is not permitted to reweigh the evidence, reevaluate the credibility of witnesses, make its own subjective determination of guilt or innocence, or otherwise substitute its opinion for that of the jury. *See id.* at 318–19 & n.13; *see also United States v. Fisher,* 648 F.3d 442, 450 (6th Cir. 2011) (citing *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009)); *York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam).

"Circumstantial evidence alone is sufficient to support a conviction." *Newman v. Metrish,* 543 F.3d 793, 796 (6th Cir. 2008) (quoting *Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000)); *see also Fisher*, 648 F.3d at 450. Due process is satisfied as long as such evidence is enough for a rational trier of fact to make a permissible *inference* of guilt, as opposed to a reasonable *speculation* that the petitioner is guilty of the charged crime. *Newman,* 543 F.3d at 796–97 (and Sixth Circuit cases cited therein).

Moreover, federal habeas review of a claim challenging the sufficiency of the evidence is even further limited. As the Sixth Circuit explained in *Brown*, 567 F.3d at 205, the federal habeas court is "bound by two layers of deference to groups who might view facts differently than [the habeas court] would." The federal habeas court must defer not only to the trier of fact's findings as required by *Jackson*, but under 28 U.S.C. § 2254(d), must also "defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (emphasis in original); *see also Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011); *Anderson v. Trombley*, 451 F. App'x 469, 474-75 (6th Cir. 2011). Therefore, as the Sixth Circuit went on to emphasize in *Brown*:

> [W]e cannot rely simply upon our own personal conceptions of what evidentiary showings would be sufficient to convince us of the petitioner's guilt. We cannot even inquire whether *any* rational trier of fact would conclude that petitioner . . . is guilty of the offenses for which he was charged. Instead, we must determine whether the Ohio Court of Appeals itself was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt

11

based on the evidence introduced at trial.

*Brown,* 567 F.3d at 205 (emphasis in original). Applying the double-layer deferential standard to the case-at-hand, the undersigned is convinced that the Ohio Court of Appeals' sufficiency determination is neither contrary to nor an unreasonable application of *Jackson*.

In order to carry its burden of proof on petitioner's felonious assault conviction, the prosecution was required to prove that petitioner knowingly caused serious physical harm to another. *See* Ohio Rev. Code § 2903.11(A)(1). As he did in the state courts, petitioner here contends that there was insufficient evidence presented at trial that he caused serious physical harm. However, under § 2901.01(A)(5) serious harm includes any physical harm that involves some permanent incapacity or some temporary substantial incapacity or "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." *See* § 2901.01(A)(5)(c) & (e).

In this case, Officer Layton testified that petitioner bent his thumb backwards during the course of petitioner's arrest, resulting in nerve damage, loss of function of his left hand/arm, and prolonged pain. (Doc. 10, Transcript at PageID 494–99, 501, 504–507, 517–19). According to Layton, the injury resulted in multiple surgical operations, however at the time of trial—roughly six months after the incident—he still experienced pain[1] and limited functioning of his left hand/arm. (*See id.* at PageID 520–21). Layton testified that was unable to operate as a patrol officer as a result of the injury. (*Id.* at 506, 519–20). Specifically, Layton testified that he could not drive or hold his firearm up with his left hand long enough to qualify for or otherwise perform his job as a police officer. (*Id.*). Based on this evidence, a juror could reasonably conclude that petitioner knowingly caused serious physical harm as defined in §

---

[1] Layton described the pain associated with the injury as follows: "I have constant pain in my arm. It's as if the on position has been switched on the nerve and it will not shut off. Pain goes from my hand all the way up to my elbow and progresses up my – this back part of my arm." (*Id.* at PageID 505–506).

12

2901.01(A)(5)(c) & (e).

When viewing all of the evidence in the light most favorable to the prosecution, this Court concludes that the evidence was constitutionally sufficient to sustain petitioner's convictions. As the Ohio Court of Appeals reasonably determined, the prosecution offered sufficient evidence for a rational trier of fact to find that petitioner knowingly caused serious physical harm to Officer Layton.[2] The Ohio Court of Appeals' adjudication of petitioner's sufficiency-of-evidence claims involved a reasonable application of the *Jackson* standard and was based on a reasonable determination of the facts in light of the evidence presented at trial. Petitioner is therefore not entitled to habeas relief based upon Ground One of the petition.

For the same reasons, petitioner is not entitled to relief based on his third ground for relief. Petitioner contends that the trial court improperly denied his motion for a new trial because insufficient evidence was offered.[3] (*See* Doc. 12 at PageID 1021). Having concluded that sufficient evidence was presented at trial to sustain petitioner's convictions, petitioner is also not entitled to habeas relief based on Ground Three of the petition.

### B. Ground four

Finally, petitioner is not entitled to federal habeas relief based on his sentencing error in Ground Four of the petition. Petitioner argues that "the record shows that a minimum prison term of three years instead of six would have properly served the principles and purposes of sentencing." (Doc. 5 at PageID 29). Petitioner also raised this claim on direct appeal, arguing

---

[2] Because sufficient evidence was offered to sustain petitioner's felonious assault conviction, petitioner's assault conviction—which only required a showing of "physical harm"–was also supported by sufficient evidence. *See* Ohio Rev. Code § 2901.01(A)(3).

[3] In his Third Ground for relief, petitioner also argues that the trial court stated that the incident was not intentional. (*See* Doc.1 at PageID 28). However, as argued by respondent (*see* Doc. 11 at PageID 1014–15), the comment relied upon by petitioner occurred during the course of sentencing and does not demonstrate that his conviction was supported by insufficient evidence or that the Ohio Court of Appeals' decision was an unreasonable application of constitutional law.

that the trial court should have imposed the minimum prison term because the sentence was at odds with the purposes and principles of sentencing under Ohio Rev. Code § 2929.11.[4] (*See* Doc. 10, Ex. 9 at PageID 72). Petitioner sought for the Court of Appeals to remand the case to the trial court for resentencing pursuant to Ohio Rev. Code § 2953.08(G)(2), which enables an appeals court to modify or remand a sentence for resentencing upon finding that the record does not support the sentencing court's finding or the sentence is contrary to law. (*See id.*).

This Court has jurisdiction to review petitioner's claim only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider any claim that the trial court erred under Ohio law in determining that the imposition of maximum sentences was warranted in this case. *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (finding a challenge to state court's interpretation and application of its sentencing laws and guidelines to be a matter of state law not cognizable in a federal habeas corpus proceeding). *Cf. Bennett v. Turner*, No. 1:12cv489, 2013 WL 557013, at *3 (N.D. Ohio Jan. 23, 2013) (Report & Recommendation) (rejecting the habeas petitioner's attempt to cast his claim of sentencing error under Ohio law "in constitutional terms by stating his 'sentence was not given according to due process and equal protection'"), *adopted*, 2013 WL 518704 (N.D. Ohio Feb. 12, 2013).

---

[4] Petitioner also argued that the minimum sentence should have been imposed based on the alleged insufficiency of evidence. (*See* Doc. 10, Ex. 9 at PageID 72). For the reasons previously stated in the adjudication of petitioner's sufficiency of evidence claims, petitioner is not entitled to habeas relief on this basis.

Petitioner is therefore not entitled to habeas relief based upon his sentencing claim in Ground Four of the petition.[5]

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief. Having found that Grounds One and Three are without merit and Grounds Two and Four of the petition are not cognizable the petition should be **DENIED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  5/25/18                                       s/ J. Gregory Wehrman
                                                     J. Gregory Wehrman
                                                     United States Magistrate Judge

---

[5] The undersigned notes that even if petitioner had stated a cognizable claim for federal habeas relief in Ground Four, petitioner procedurally defaulted and waived any such claim by failing to raise any constitutional claim on direct appeal. Plaintiff's sentencing claims were advanced solely as errors under state law in the Ohio Courts. (*See* Doc. 10, Ex. 9).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MELVIN RICHARD, SR.,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-995

Barrett, J.
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).