**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Melvin Richard, Sr.,

    Petitioner,

v.

Warden, London Correctional Institute,

    Respondent.

Case No.: 1:16-cv-995

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's May 25, 2018 Report and Recommendation ("R&R"). (Doc. 13). The Magistrate Judge recommends denying Petitioner's petition for a writ of habeas corpus; denying Petitioner a certificate of appealability; and denying petitioner leave to appeal *in forma pauperis*.

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 15).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended

decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. The Magistrate Judge set forth the factual and procedural background, as well as the applicable legal standards, and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

In Grounds One and Two, Petitioner maintains that his convictions felonious assault and assault were not supported by sufficient evidence and were against the manifest weight of the evidence. In Ground Three, Petitioner maintains that the state trial court erred in denying his motion for a new trial because insufficient evidence was presented at trial to support his convictions. In Ground Four, Petitioner, maintains that the record shows that "a minimum prison term of three years instead of six would have properly served the principles and purposes of sentencing." (Doc. 1).

As to Ground Two, the Magistrate Judge explained that Petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court. As to Grounds One and Three, the Magistrate Judge concluded that Petitioner is not entitled to habeas relief based upon his sufficiency of evidence claims. As to Ground Four, the Magistrate Judge explained that Petitioner is not entitled to federal habeas relief based on a sentencing error because this Court lacks jurisdiction to consider any claim that the trial court erred under Ohio law in determining that the imposition of maximum sentences was warranted.

Petitioner's objections center on his argument that there was insufficient evidence for the jury to convict him of the felonious assault charge under Ohio Revised Code § 2903.11(A)(1).

To begin, the Court finds no error in the Magistrate Judge's determination that Petitioner's "manifest weight of evidence" claim is not cognizable in a § 2254 petition. As the Sixth Circuit has recently explained:

> a manifest-weight-of-the-evidence argument is solely a creature of Ohio law, see Nash v. Eberlin, 258 F. App'x 761, 764 n.4 (6th Cir. 2007), and is distinct from an insufficient-evidence claim, which, while it may have a state-law analogue, see State v. Thompkins, 678 N.E.2d 541, 546 (Ohio 1997), is a constitutional claim alleging a violation of the Fourteenth Amendment's Due Process Clause, see Jackson v. Virginia, 443 U.S. 307, 316 (1979). The federal habeas statute provides relief to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, because a manifest-weight-of-the-evidence claim alleges only that one's conviction violates Ohio law, the claim is noncognizable in federal habeas proceedings.

*Hoffman v. Lazaroff*, No. 18-3439, 2018 WL 5849894, at *3 (6th Cir. Sept. 17, 2018).

Turning to Petitioner's insufficient-evidence claim, Petitioner argues that the Magistrate Judge erred in concluding that there was sufficient evidence of "serious physical harm" based on the testimony of Officer Layton. Petitioner explains that Officer Layton's testimony regarding the extent of his injuries were "beliefs" expressed to Officer Layton by a non-testifying witness, Dr. David McGee. Petitioner argues that the State was required to present medical testimony regarding the cause of the "serious physical harm." Petitioner also argues that the State did not present x-ray evidence showing Officer Layton's sprained thumb.

As the Magistrate Judge explained, under Ohio Revised Code § 2901.01(A)(5), serious harm includes any physical harm that involves some permanent incapacity or

some temporary substantial incapacity or "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." Ohio Rev. Code § 2901.01(A)(5)(c) & (e). Ohio courts have held that generally, "serious physical harm" exists where the victim sustained injuries necessitating medical treatment. *State v. Adams*, 84 N.E.3d 155, 165 (Ohio Ct. App. 2016); *see also State v. Henry*, 2016 WL 762573 (Ohio Ct. App. Feb. 25, 2016). The Magistrate Judge concluded that the Ohio Court of Appeals reasonably determined that the prosecution offered sufficient evidence for a rational trier of fact to find that Petitioner caused serious physical harm to Officer Layton. In support of this conclusion, the Magistrate Judge cited evidence in the record, which included evidence that Officer Layton's testimony that he has undergone multiple surgical operations as a result of the pain and loss of function in his arm. The Court notes that emergency room records for Officer Layton were admitted at trial. (See Doc. 13, PAGEID# 1030). The Court concludes that there was sufficient evidence for a rational juror to conclude that Officer Layton suffered serious physical harm. *Accord State v. King*, 160 Ohio App. 3d 386, 390, 827 N.E.2d 398, 401-402 (Ohio Ct. App. 2005) (victim's testimony regarding ongoing treatment coupled with medical records was sufficient evidence to establish that harm suffered by victim was serious under Ohio Rev. Code § 2901.01(A)(5)(c) and (e)).

To the extent that Petitioner argues that there was insufficient evidence to show that he knowingly caused serious physical harm to another, Ohio courts have held that "felonious assault under R.C. 2903.11(A), combined with the definition of 'knowingly' found in R.C. 2901.22(B), does not require that a defendant intend to cause 'serious physical harm,' but that the defendant acts with an awareness that the conduct probably

4

will cause such harm." *State v. Mpanurwa*, 102 N.E.3d 66, 69 (Ohio Ct. App. 2017) (quoting *State v. Anderson*, 2010 WL 4632554, *3 (Ohio Ct. App. Nov. 16, 2010)).

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to relief based on Grounds One and Three.

While Petitioner states that he is objecting to the Magistrate Judge's conclusion with regards to Ground Four, Petitioner does not provide any support for his objection. Federal Rule of Civil Procedure 72(b)(2) states that if a party objects to a magistrate's report and recommendation, the party must file "specific written objections" to the recommendation. Fed. R. Civ. P. 72(b)(2). A general objection to a magistrate's report, without specifically indicating the issues of contention, does not satisfy the "specific written objections" requirement. *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Therefore, the Court concludes that it is unnecessary to address the Magistrate Judge's conclusion with regards to Ground Four.

Based on the foregoing, the Magistrate Judge's May 25, 2018 R&R (Doc. 13) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) is **DENIED** with prejudice;
2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because Petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues

presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and, therefore, Petitioner is **DENIED** leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                  JUDGE MICHAEL R. BARRETT